IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, | Case No. 09-CV-02451-JAM-DAD |
| | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| Plaintiff, | |
| v. | |
| WESTAMERICA BANK, a California corporation, | |
| Defendant. | |
| _____/ | |

This matter comes before the Court on Defendant Westamerica Bank's ("Defendant's") Motion to Dismiss Plaintiff Harford Fire Insurance Company's ("Plaintiff's) complaint. Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Plaintiff opposes the motion. For the reasons set forth below, Defendant's motion is DENIED. [1]

I. FACTUAL AND PROCEDURAL BACKGROUND

On November 2, 2005, Pacific Mountain Partners at Gridley, LLC ("PMPG") entered into a Subdivision Improvement Agreement ("SIA") with the City of Gridley, to construct certain public improvements in connection with development of a subdivision in Gridley, California. In order to finance the project, PMPG obtained a construction loan from Defendant. As a condition of the SIA, PMPG was required to furnish a surety performance bond and a payment bond to guarantee the completion of the improvements and payment to subcontractors and suppliers.

In September 2005, Defendant sent a letter to Plaintiff. This letter confirmed that a construction loan had been made to PMPG, informed Plaintiff of a set aside commitment of funds in the amount of $1,243,928.00, and outlined Defendant's obligations regarding disbursal of funds to PMPG. The letter stated that payments would be disbursed to PMPG on PMPG's order, in accordance with the schedule of payments set forth in the construction loan. The letter contained a clause stating that Defendant was entitled to make payments and disbursements in

_____

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

reliance on work-completion certificates from contractors, and would not be responsible to PMPG or Plaintiff for proper use of funds disbursed. It also stated that Defendant had no obligation to determine or insure that improvements were properly completed or that the earmarked amount was sufficient to complete the improvements. In the event that PMPG failed to complete the work covered by Plaintiff's bonds, Plaintiff would receive set aside funds, if any remained, to cover the costs of completion. This letter was signed by Defendant, Plaintiff, and PMPG on September 20, 2005.

Attached to the letter was a site-work cost breakdown, which showed the work projects, original budget, total draws through August 17, 2005, amounts disbursed through August 29, 2005, and the amount of remaining funds. Pursuant to the breakdown, a total of $830,527.22 of the set aside funds had already been disbursed, leaving $571,060.78 remaining in set aside funds. Additionally, the breakdown showed a total of $275,061.54 in expenses that would be paid by PMPG. After signing the letter of agreement, Plaintiff issued the surety and payment bonds to PMPG, in reliance on the set aside agreement.

In April 2006, PMPG requested funds (a "draw"), to do work on a well. Defendant disbursed the entire sum of money remaining in the set aside funds, approximately $571,060.78. According to the site-work cost breakdown, $340,000 was earmarked for "Municipal

Water Well Building, Pumps, Electrical & Piping." However, after receiving the disbursal of funds, PMPG neither started nor finished the well work and instead defaulted. Plaintiff, pursuant to the surety bond, paid for the completion of the well work, which cost $619,912. When Plaintiff informed Defendant of the default and requested reimbursement of the $340,000 that was earmarked in the set aside fund for the well work, Defendant refused to reimburse on the grounds that no set aside funds remained. Plaintiff now sues for recovery of $340,000 under the theories of breach of contract and conversion.

II. OPINION

A.   Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F. 2d 696, 699 (9th Cir. 1990).

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. There are two exceptions to this rule: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. <u>Sherman v. Stryker Corporation</u>, 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). In the present case, the Court has considered the document attached to Plaintiff's complaint. The document is a copy of the letter of agreement between Plaintiff and Defendant, whose authenticity is not disputed.


B. Breach of Contract, First Cause of Action

Plaintiff argues that the letter from Defendant regarding the set aside fund constituted a binding contract, which it relied upon in making the surety bond. Accordingly, Plaintiff argues that Defendant committed to disburse the funds to PMPG

only for work completed, and to maintain set aside funds to reimburse Plaintiff in the event of a default by PMPG. Plaintiff further contends that because Defendant wrongfully disbursed funds to PMPG without requiring proof of work completion, it breached its contract with Plaintiff. In response, Defendant argues that the letter does not constitute a binding contract with Plaintiff, and even if it did, Defendant has not breached the terms.

Formation of a contract requires parties capable of contracting, their consent, a lawful object, and sufficient cause or consideration. California Civil Code §1550. A set aside agreement letter between a surety and a lender may constitute an enforceable contract, so long as it has mutuality and consideration. City of Los Angeles v. Anchor Casualty Company, 204 Cal. App. 2d 175 (1962).

Defendant contends that the letter is not a contract because there was no consideration. Defendant had already made the loan to PMPG and disbursed the majority of the set aside funds, thus the letter merely constituted a memorandum summarizing for Plaintiff the terms of the construction and financing agreements already in place with PMPG.

Plaintiff argues that consideration exists because the City of Gridley required PMPG to provide proof of a surety. Thus, without Plaintiff's bond, PMPG could not have obtained the

construction contract and would not have needed Defendant's loan. Under California law, "any benefit conferred, or agreed to be conferred," upon the promisor constitutes consideration. California Civil Code §1605. Accordingly, Plaintiff argues that consideration exists because all parties benefited from the surety bond and the letter was written to induce Plaintiff to issue a bond in reliance on the set aside agreement.

Thus, inferring that an enforceable contract existed, Plaintiff has further raised plausible allegations that the terms of the contract were breached by Defendant's disbursal of set aside funds. Treating the allegations of the complaint as true and interpreting them in the light most favorable to Plaintiff, as the Court is required to do, the Court finds that Plaintiff has sufficiently plead the facts necessary for a cause of action for breach of contract. Accordingly, Defendant's motion to dismiss the breach of contract claim is DENIED.

Plaintiff's Opposition also raises a new cause of action for fraudulent inducement, alleging that if Defendant did not intend the set aside letter as a binding contract, then Defendant is guilty of fraudulent inducement for inducing Plaintiff to rely on the letter. The Court will not consider these new allegations as they were not raised in the FAC. "The focus of any Rule 12(b)(6) dismissal . . .is the complaint. This precludes the consideration of new allegations that may be

raised in plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6)." <u>Cordell v. Tilton</u>, 515 F. Supp. 2d 1114, 1128 (S.D. Cal. 2007)(internal citations omitted).

C. Conversion, Second Cause of Action

Plaintiff alleges that Defendant is guilty of conversion because it disbursed funds to PMPG that Plaintiff was entitled to in the event of a default by PMPG. Defendant contends that plaintiff's conversion claim fails because it did not wrongfully disburse set aside funds, and Plaintiff was only entitled to set aside funds if any remained after a default.

A cause of action for conversion requires "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. <u>Spates v. Dameron Hospital Ass'n.</u>, 114 Cal. App. 4th 208, 221 (2003). A generalized claim for money is not actionable as conversion. <u>Gulf Insurance Company v. First Bank</u>, 2008 WL 2383927 at *2 (E.D. Cal. June 4, 2008). If however, there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment, a cause of action for conversion exists. <u>Id</u>. Funds identified in a set aside letter may constitute a specific and identifiable sum. Even where the ownership interest in the property is conditioned on

default, once the condition has been met this is a sufficient possessory interest to support a cause of action for conversion. Id. at *3.

In the present case, Plaintiff's entitlement to the funds that were allegedly converted was contingent on PMPG's default. Plaintiff has alleged that the condition was met, thus triggering entitlement to funds that were wrongfully converted by Defendant. Plaintiff has sufficiently alleged an interest in the specific funds distributed to PMPG to survive the motion to dismiss. Accordingly, Defendant's motion to dismiss the claim for conversion is DENIED.


                              III. ORDER

For the reasons set forth above, Defendant's motion to dismiss is hereby DENIED.


IT IS SO ORDERED.


Dated: January 22, 2010                    _____
                                           JOHN A. MENDEZ,
                                           UNITED STATES DISTRICT JUDGE